**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OANDA CORPORATION | : |
| Plaintiff, | : Civil Action No. 20-5784 (ZNQ)(DEA) |
| v. | : **MEMORANDUM ORDER** |
| GAIN CAPITAL HOLDINGS, INC. et al, | : |
| Defendants. | : |

THIS MATTER comes before the Court on OANDA Corporation's ("Plaintiff") Motion to Amend Infringement Contentions pursuant to Local Patent Rule 3.7. ECF Nos. 170 & 171. The Motion having been fully briefed, the Court decides this Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the Court **GRANTS** Plaintiff's Motion.

**I. Background and Procedural History**

Plaintiff is the owner, by assignment, of U.S. Patent Nos. 7,146,336 (the '336 Patent) and 8,392,311 (the '311 Patent). Plaintiff's First Amended Complaint ("FAC"), filed on April 20, 2021, alleges that Defendants have infringed one or more claims of the Patents by making, using, selling, offering for sale, or selling products and/or services, and that GAIN has made, used, sold, and offered for sale infringing instrumentalities at https://forex.com, and Holdings has used those infringing instrumentalities, including the application programming interfaces ("APIs"), to operate automated infringing trading systems.

   A. Plaintiff's Arguments in Support of the Motion to Amend

In making this Motion, Plaintiff seeks to "provide additional detail and citations to Defendant GAIN's technical documents supporting OANDA's already-disclosed infringement theories, as well as to eliminate some of the alleged patent claims." ECF No. 171 at 4. Plaintiff believes good cause exists because of Defendants' recent production of technical documents that were produced in April of 2023. *Id.* Plaintiff argues its Motion cannot be opposed on diligence grounds where "[i]mmediately following the Court's [January 9, 2023] ruling, the parties continued their meet-and-confer efforts concerning GAIN's technical production" and "GAIN's story that it had produced substantially complete technical documents about the accused products unraveled." *Id.*

Plaintiff also anticipates two further arguments by Defendants that Plaintiff fails to establish its diligence. First, Plaintiff addresses the point that Plaintiff should have done more to make Defendant comply with discovery obligations. *Id.* at 6. Plaintiff counters that Defendant should not profit from its own failures and regardless, Plaintiff "has been diligently attempting to push Gain to meet its discovery obligations" for documents requested more than a year ago from the date of the Motion. *Id.* Second, Plaintiff addresses the point that Plaintiff should have sought to amend its infringement contentions in November of 2021, when it received the initial source code and technical information. *Id.* Plaintiff counters that this argument should be rejected because the source code and technical documents received in November of 2021 "did not provide it with sufficient information to understand GAIN's backend systems and thereby meaningfully amend its contentions." *Id.*

Plaintiff concludes that the Defendants would not be prejudiced if these proposed amendments are permitted because the case is "in many ways in its early stages." *Id.* at 6.

B. <u>Defendants' Arguments Opposing the Motion to Amend</u>

Defendants, writing jointly, oppose this Motion chiefly because Plaintiff's proposed amendments rely upon information that Defendants' assert Plaintiff has long had access to. ECF No. 179 at 5. Thus, Defendants argue that Plaintiff "cannot show that it acted in a timely manner and with diligence to amend its infringement contentions." *Id.* To support this contention, Defendants explain that Plaintiff created a record of discovery disputes to "falsely blame its delay on others." *Id.* at 6. Defendants note that to "avoid burdening this Court with continuous motion practice, GAIN cooperated with OANDA" and produced documents in 2023 even though "GAIN maintained that such documents were either (a) irrelevant or (b) duplicative and cumulative of what OANDA already possessed." *Id.* Defendants conclude on the issue of diligence:

> What is now clear is that OANDA merely engaged in a litigation strategy to pursue a never-ending document demand so that it could create the false appearance that GAIN delayed discovery. Indeed, OANDA did not identify a single document in its Motion that it allegedly "discovered" that was "necessary" to understand anything about GAIN's previously produced documents.

*Id.*

Further, Defendants note while the Court should not even reach the issue of prejudice because Plaintiff's request is untimely and not diligently made, that Defendants would nevertheless be prejudiced by the proposed amended contentions for a couple of reasons. *Id.* at 6. First, Defendants argue Plaintiff's failure to timely and diligently amend its contentions resulted in Defendants being "forced [] to expend resources on two years of broad discovery inquests." *Id.* Second, Defendants argue they are prejudiced because they have "had to complete all of claim construction blind – without knowing [Plaintiff's] theories." Third, Defendants argue they have been prejudiced by Plaintiff's failure to comply with the Local Civil Rules and its failure to "provide the required notice of its infringement allegations." *Id.* at 6-7.

C. <u>Plaintiff's Reply</u>

3

Plaintiff concedes that the proposed amended infringement contentions "do not change (and in fact narrow) the infringement theories" of the case. ECF No. 184 at 4. Plaintiff reiterates that the Defendants' prior productions were "inadequate to explain the design and operation of GAIN's FX trading platform or to understand GAIN's source code." *Id.* Due to these suggested inadequacies, Plaintiff expounds that it spent the year of 2022 propounding additional discovery. *Id.*

Plaintiff argues that the April 2023 production made by GAIN cannot be seen as "cumulative and irrelevant"[1] because the new production "contained countless new architectural diagrams and flowcharts of direct relevant to the design and operation of the accused product." *Id.* at 5. Plaintiff further refutes Defendants' allegation that Plaintiff does not in fact rely upon any of the new discovery by explaining that:

> contrary to GAIN's claim, the fact that the amendments do not *only* include citations to the new material, but also citations to some public documents, some documents that were produced in 2021, and some source code does not mean the same amendments could have been made in the absence of the 180,000+-page Confluence production.

ECF No. 184 at 5. In sum, "GAIN's belated Confluence production not only provided OANDA with new pieces of the puzzle, but also explained how they connected to the pieces OANDA already had." *Id.*

With regards to prejudice, Plaintiff replies that "the claim that OANDA not amending its contentions earlier caused discovery disputes gets things backwards: GAIN baselessly withheld discovery, preventing OANDA from providing the amended contentions that GAIN professed to want." *Id.* at 14. Additionally, Plaintiff argues the prejudice highlighted by Defendants based on

---

[1] Plaintiff takes note of Defendants' complaint that Plaintiff is relying on the whole Confluence production by tacking on "e.g." Plaintiff stipulates, in response to this complaint, that its contentions rely upon the specific documents cited, absent further amendment. ECF No. 184 at 15.

4

alleged noncompliance with L. Pat. R. 3.1 "misses the mark" because "OANDA's amended contentions do what Rule 3.1(c) requires: they provide charts 'identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality.'" *Id.*

## II. Discussion

"The Local Patent Rules 'are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" *Aurinia Pharms. Inc. v. Sun Pharm. Indus., Inc.*, 2022 WL 3040950, at *6 (D.N.J. Aug. 2, 2022). The Rules "seek to balance the right to develop new information in discovery with the need for certainty as to legal theories." *Nautilus Neurosciences, Inc. v. Wockhardt USA LLC*, 2013 WL 7901901, at *2 (D.N.J. Jan. 23, 2013). Rule 3.7 provides that "[a]mendment of any contentions ... required to be filed or exchanged pursuant to these Local Patent Rules may be made only by order of the Court upon a timely application and showing of good cause." L. Pat. R. 3.7.

Applying the Rule, courts have noted that, unlike the liberal standard for amending pleadings under Federal Rule of Civil Procedure 15(a), Patent Rule 3.7 implements a "conservative" approach to amending contentions, "designed to prevent the 'shifting sands' approach to claim construction." *King Pharm., Inc. v. Sandoz Inc.*, 2010 WL 2015258 at *4 (D.N.J. May 20, 2010). "Sufficiently satisfying the elements set forth in Rule 3.7 is not a simple undertaking, and requires the movant to overcome a substantial preference against granting the amendment." *Nautilus Neurosciences*, 2013 WL 7901901, at *2.

Under L. Pat. R. 3.7, good cause "considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." *Takeda Pharm. Co. Ltd. v. Sun Pharma Glob. FZE*, 2016 WL 9229318, at *3 (D.N.J. May 16, 2016). Moreover, a party must not only prove that it was diligent

in seeking leave to amend, but also prove that it was diligent in discovering the basis for the proposed amendment. *In re Fetzima*, 2020 WL 468438, at *3 (D.N.J. Jan. 29, 2020). Importantly, absent a showing of diligence, the Court does not reach prejudice. *See Warner Chilcott Co., LLC v. Lupin, Ltd.*, 2013 WL 4494949, at *2 (D.N.J. Aug. 19, 2013) (citing *Apple v. Samsung*, 2012 U.S. Dist. LEXIS 83115, at *13 (N.D. Cal. Mar. 27, 2012) (collecting cases)). The party seeking to amend its contentions bears the burden of establishing diligence. *Id.* Further, in determining good cause and diligence, the Court may consider other facts such as:

> (1) the reason for the delay, including whether it was within the reasonable control of the party responsible for it; (2) the importance of what is to be excluded; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings.

*Id.* (citing *Oy Ajat, Ltd. v. Vatech Am., Inc.*, 2012 WL 1067900, at *20–21 (D.N.J. Mar. 29, 2012) (collecting cases)).

    A. <u>Diligence</u>

Plaintiff adequately establishes its diligence pursuant to L. Pat. R. 3.7. First, regarding whether Plaintiff was diligent in seeking leave to amend, Plaintiff sent GAIN its proposed amended infringement contentions on April 27, 2023, after receiving a large production of more than 180,000 pages of technical documents earlier that same month from GAIN.

Second, as to whether Plaintiff was diligent in discovering the bases for the proposed amendments, Plaintiff has provided a clear timeline of events showing its diligence in seeking additional technical documents. While it is the case that Plaintiff was in receipt of documents since 2021 through early 2022, Plaintiff's expert testified that "it [did] not contain either the volume or type of documents I would expect to see in a case like this one, with few architectural diagrams, and no architectural diagrams or flowcharts at all with respect to some components of the accused

6

product." ECF No. 184 at 6. Looking past the earlier productions, in June of 2022, Plaintiff made targeted requests for technical documents through RFPs; in September of 2022 Plaintiff "sought to compel production of technical documents. . . over GAIN's objection"; also in September of 2022 Plaintiff deposed GAIN's Senior Software Engineer and learned of "architectural diagrams relevant to the accused product" not yet produced; in October of 2022 Plaintiff sought such "architectural diagrams and other technical documents." Plaintiff identified multiple pieces of information discovered through this 2023 production that formed the bases of this Motion and thus, the new production cannot be described wholesale as "cumulative and irrelevant." For example, the 2023 production of technical documents identified 21 of 22 Confluence "Spaces" that Plaintiff previously had no access to. Among these newly identified Spaces was a Space focusing on "PRICING," on which Plaintiff comments "the software that generates prices is a critical component of all asserted claims of the patents-at-issue." Through the PRICING Space, Plaintiff learned of GAIN's pricing software by accessing hundreds of documents relating to XCON, a pricing engine the accused product used during the relevant period. In previous technical productions, documents on XCON consisted of a document and a single standalone diagram that "did not explain how XCON worked or how it fit into the larger software ecosystem." ECF No. 184 at 10-11. Plaintiff explains that it used "material from 12 of 22 Confluence Spaces to gain an understanding of GAIN's FX trading system and amend its contentions." *Id.* at 11.

    B. <u>Prejudice</u>

In evaluating whether Defendants will be unduly prejudiced, this Court will look to whether the proposed amendments would (1) require Defendants to expend significant additional resources, or (2) significantly delay the resolution of the dispute. *See e.g. TFH Publications, Inc. v. Doskocil Mfg. Co.*, 705 F. Supp. 2d 361, 366 (D.N.J. 2010). While there could be some resulting

prejudice, denial of leave to amend requires that additional work required be substantial or "undue." *Amgen Inc. v. Kashiv Biosciences, LLC*, 2019 WL 5445974, at *3 (D.N.J. Oct. 24, 2019) (citing to *AS Am., Inc. v. Masco Corp. of Ind.*, 2013 WL 4084237, at *3 (D.N.J. Aug. 13, 2013) ("[a]lthough defendant's amendment may require some additional work on plaintiff's part, the additional work is not significant or vexatious.")).

First, Defendants do not elaborate on any expenditure of resources anticipated if amendment is granted. Specifically, no party has identified any additional discovery needed as a result of proposed amendment. Second, for several reasons, amendment will not significantly delay the resolution of the dispute: trial is not imminent and has not even been scheduled, fact discovery has not yet closed, expert reports have not been produced, and there is no pending dispositive motion. ECF No. 166.

### III. Conclusion and Order

For the reasons herein, Plaintiff's Motion for Leave to Amend its Infringement Contentions [ECF Nos. 170 & 171] is **GRANTED**.

/s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**

--This Order terminates ECF Nos. 170 & 171.