UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OANDA CORPORATION | : |
| Plaintiff, | : Civil Action No. 20-5784 (ZNQ)(DEA) |
| v. | : **MEMORANDUM ORDER** |
| GAIN CAPITAL HOLDINGS, INC. et al, | : |
| Defendants. | : |

THIS MATTER comes before the Court on OANDA Corporation's ("Plaintiff") Motion to Compel Production of Data from GAIN's JIRA System. ECF No. 173. Defendants oppose the Motion. ECF No. 178. The Court decides this Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the Court **DENIES** Plaintiff's Motion.

**I.   Background and Procedural History**

The parties are familiar with the history of the case and the facts pertaining to the present Motion. As such, the Court will not recite them at length. On April 19, 2021, OANDA ("Plaintiff") filed an Amended Complaint alleging that its competitor GAIN's foreign exchange trading technologies infringe two of Plaintiff's patents, U.S. Patents No. 7,146,336 (the '336 Patent) and No. 8,392,311 (the '311 Patent) (collectively the "Patents"). ECF No 58. These patents claim systems and methods for online currency trading that improve upon prior art online currency trading. Specifically, the Amended Complaint alleged Defendants have infringed one or more claims of the Patents by making, using, selling, offering for sale, or selling products and/or services that meet each of the limitations of one or more claims of the Patents. *Id.* at 21-22.

1

Plaintiff filed the present Motion to Compel on May 10, 2023, seeking the production of data from JIRA, an issue tracking and project management software employed by GAIN during the relevant period. ECF No. 173. Specifically, Plaintiff seeks data from JIRA because "JIRA is the software tool GAIN has used to track when particular versions of the accused products were deployed or retired," and "JIRA thus contains material technical information, including information relevant to understanding the design and function of GAIN's accused products, as well as when particular versions of the software were deployed." *Id.* at 4.

Defendants argue the Motion should summarily be denied, for several reasons. ECF No. 178 at 8. Background provided by Defendants covers that 1) JIRA is simply a third party tracking and management software, and not used to "conduct substantive work," thus, "source code and technical documents are stored elsewhere" and likely have already been produced by GAIN; 2) JIRA is used by departments across GAIN and this will contain confidential customer, employee, and privileged material; 3) GAIN has spent time and resources looking into alternative means to produce JIRA materials, identifying ONNA, a third party software to assist with OANDA's request for production in a specific manner; and 4) Plaintiff refuses to bear the costs associated with using ONNA (~$14,500). *Id.* at 9-13.

## II. Argument
### A. <u>Legal Standards</u>

"A party seeking discovery may move for an order compelling. . . production, or inspection." The motion can be made where "a party fails to produce documents." Fed. R. Civ. P. 37(a)(3)(B)(iv). The Third Circuit has previously upheld a denial of a Motion to Compel Discovery where the party moving to compel "never forwarded interrogatories, nor a request for production of documents" to the adverse party and thus, "pursuant to Rule 37, the prerequisite for compelling

discovery was never fulfilled." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1311 (3d Cir. 1995).

Parties may obtain electronically stored information ("ESI") that is relevant, non-privileged, and reasonably accessible, subject to discovery limitations set out in Rule 26(b)(2)(C). Fed. R. Civ. P. 26(b)(1); (b)(2)(B)-(C). Where it is shown that the source of ESI is not reasonably accessible, "[t]he decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case." Advisory Committee Notes to Fed.R.Civ.P. 26(b)(2)(B), 2006 Amendment. Factors to consider in such circumstances are:

> (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

*Id.* The requesting party bears the burden of showing that its "need for the discovery outweighs the burdens and costs of locating, retrieving, and producing the information." *Id.* The responding party bears the burden of "whether the identified sources are not reasonably accessible in light of the burdens and costs required to search for, retrieve, and produce whatever responsive information may be found." *Id.*

Rule 34 governs the production of ESI. Under Rule 34(b), "[u]nless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:"

> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E); *Peterson v. Matlock*, 2014 WL 5475236, at *1 (D.N.J. Oct. 29, 2014).

In multiple instances, this District has "declined to permit requests for additional, voluminous productions of discovery where it found the discovery would be cumulative, burdensome, and/or expensive." *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London Members of Syndicates*, 2020 WL 13158012, at *10 (D.N.J. Oct. 14, 2020) (collecting cases).

### B. RFP Nos. 4, 33-35, 37-38

The Court is inclined to deny the Motion at the outset because Plaintiff failed to make a formal and specific discovery request for JIRA materials before filing the present Motion. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1311 (3d Cir. 1995). The Court will examine the RFPs identified by Plaintiff that it purports JIRA materials are responsive to.

RFP No. 4 sought "[d]ocuments sufficient to show the design, function, and operation" of each version of the accused products. Plaintiff does not appear to argue that GAIN did not provide such documents. Rather, Plaintiff takes issue that the response "did not include any data from JIRA." ECF No. 173 at 6. The Court agrees with Defendants that Plaintiff's issue with this RFP is that "GAIN did not satisfy its production obligations in the exact manner [Plaintiff] desired." ECF No. 178 at 16.

RFP No. 33 sought "[a]ll computer files including but not limited to the following: source code, object code, compiled executables, build scripts, deployment scripts, server configuration files, or other electronic information presently in use in the compiling, assembling, building, deployment, or provision of the accused products or any portion thereof, whether for use internally or by GAIN's customers, including but not limited to direct customer end users or white label customers." Based on Defendants description of JIRA, as a task list type tracking tool, the Court is not convinced that JIRA materials would be responsive to RFP No. 33. With no explanation from Plaintiff demonstrating otherwise, there is no basis for compelling Defendants to produce JIRA materials in response to this RFP.

RFP No. 34 sought "[a]ll documents identifying the source code (or source code repositories) used to implement any aspect of the accused products." RFP No. 35 sought the same but for the date range of May 10, 2014 and present. Defendants objected to these requests because they were duplicative of RFP No. 29 and even if JIRA materials were responsive, such materials would have been "entirely cumulative" of documents already provided. Defendants argue "searching JIRA for even more would be duplicative, unduly burdensome, and disproportionate to the needs of the case." ECF No. 178 at 17.

RFP No. 37 sought "[a]ll documents or communications supporting or refuting your allegation that 'GAIN has not infringed, and does not infringe, directly or indirectly, any valid and enforceable claim of the '336 Patent." RFP No. 38 sought the same but for claim of the '311 Patent. Defendants argue "[a]s GAIN does not currently intend to rely on the JIRA Materials for its contentions and, thus, the JIRA Materials are not responsive to RFP Nos. 37 and 38." *Id.*

C. Relevance of JIRA Materials

Plaintiff's further "evidence" that relevant or non-cumulative documents exist within JIRA falls flat. First, upon review of Mr. Leach's testimony, the Court is unable to identify where Mr.

Leach represents that relevant documents exist within JIRA. Second, regarding "other documents produced by GAIN," Plaintiff again fails to show examples of such documents that could demonstrate context or relevance. To Defendants' point, because JIRA is used as a project management tool and task list it is likely that JIRA would be mentioned in other produced documents or repositories. ECF No. 178 at 18. However, the mention of JIRA in such documents would not automatically make all of JIRA materials relevant, nor would they be "non-cumulative." *Id.* Third, if there ever was indication or implication by GAIN that relevant documents exist in JIRA, Defendants have since cleared that up in their opposition to this Motion.

"The notion that a document production is insufficient based on belief that documents must exist simply is not enough to grant a motion to compel[.]" *Ford Motor Co. v. Edgewood Props.*, 257 F.R.D. 418, 428 (D.N.J. 2009).

D.  Accessibility of JIRA Materials in Manner Sought

The Court is satisfied that Plaintiff's demand that JIRA be produced in a specific manner is indeed a manner that is not reasonably accessible. Specifically, Defendants argue "[w]hile the text of JIRA tickets **can** be searched by keyword, *all of JIRA* **cannot** be searched as the search functionality does not search attachments and it does not keep related 'tickets' together unless each use the searched-for word." ECF No. 178 at 21. Defendants note that the information on JIRA as accessed in the ordinary course of business is not how Plaintiff seeks to access or use the information on JIRA. *Id.* In other Districts, courts have held that information which would otherwise be accessible if retained in a manner that it cannot be meaningfully searched, renders the information not reasonably accessible. *See, e.g.*, *W.E. Aubuchon Co. v. BeneFirst, LLC*, 245 F.R.D. 38, 43 (D. Mass. 2007) (holding that, even though the sought materials were in an "accessible format[,]" "because of BeneFirst's method of storage and lack of an indexing system, it will be extremely costly to retrieve the requested data. . . . Accordingly, the images are not

reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B)."); *Dilley v. Metro. Life Ins. Co.*, 256 F.R.D. 643, 645 (N.D. Cal. 2009) (materials not reasonably accessible where "MetLife has no ability to query its electronic database in a manner that would capture such information"). Additionally, in other Districts, courts have also held that the necessary transformation of information from one medium to another, for relevant materials, renders those materials not reasonably accessible. *See, e.g.*, *Rebman v. Follet Higher Educ. Grp., Inc.*, 2007 WL 1303031, at *3 (M.D. Fla. May 3, 2007) ("Thompson avers that it would be necessary to create a special software program to capture the information requested by Plaintiffs and translate the information into a meaningful and readable format. Thompson's declaration is sufficient to support Follett's objection to the requests in this category as unduly burdensome and overbroad."); *Capitol Recs., Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 51-52 (S.D.N.Y. 2009) (materials not reasonably accessible where responding party "host[ed] no ediscovery software on their servers and apparently are unable to conduct centralized email searches of groups of users without downloading them to a separate file and relying on the services of an outside vendor.").

Plaintiff argues that *Zubulake* is instructive and delineates a tier list of ESI ranging from most to least inaccessible. ECF No. 173 at 15-16. This is true; however, Plaintiff misses key nuance highlighted by Defendants. In *Zubulake*, the court identified emails that were either accessible or inaccessible. *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 320. (S.D.N.Y. 2003). Specifically, the court took care to outline while some emails were able to be produced cheaply and quickly, some emails would have forced the responding party to "engage in the costly and time-consuming process detailed above." *Id.* As such, even though JIRA materials are searchable, "only limited text fields can be exported without resort to a 'costly and time consuming process'" according to Defendants. ECF No. 178 at 23.

7

Defendants explain that GAIN employees do not and cannot utilize JIRA in the manner articulated by Plaintiff through this Motion. *Id.* at 23-25.

The Court is unconvinced by Plaintiff's line of argument citing to the production of JIRA systems and materials in other cases as proof that the JIRA materials sought here are reasonably accessible. As Defendants outline, 1) the cases cited by Plaintiff do not contain an analysis of reasonable accessibility, 2) the cases simply note that JIRA materials were produced in other cases, and 3) Plaintiff "presupposes, without any basis to do so, that GAIN's JIRA systems are maintained in exactly the same way as those in its cited cases." *Id.* at 24.

E. Good Cause

Because Plaintiff neglected to brief on good cause, the Court will forego this analysis as the Court has sufficient grounds to decide the Motion.

### III. Conclusion and Order

For the reasons herein, Plaintiff's Motion to Compel Production of Data from GAIN's JIRA System [ECF No. 173] is **DENIED**.

/s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**

--This Order terminates ECF Nos. 173.